## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**FRANCISCO LUEVANO, JR.,**

   **Petitioner**

   **v.**                                                                    **CIV. NO. 07-0722 JH/DJS**

**STANLEY MOYA, Warden,**

   **Respondent**.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in No. CR 2005-380 in the Fifth Judicial District, Chaves County, of New Mexico. In that proceeding Petitioner was convicted following a jury trial of one count of Aggravated Battery on a Peace Officer and one count of Battery Upon a Peace Officer. Pursuant to those convictions, on September 13, 2006, Petitioner was sentenced to a term of imprisonment of eleven years to be followed by one year parole. Answer, Exhibit A.

    2. Petitioner challenges his conviction on the ground that he was acting in self-defense in response to an attack by four detention center staff members at the Chaves County Jail and on the

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

ground that the Chaves County Detention Center Employees are not "Peace Officers" within the meaning of New Mexico law.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent asserts that while Petitioner exhausted his state court remedies as to his first claim, he failed to exhaust the remedies as to his second claim that the jail guards were not peace officers under New Mexico law. Respondent contends that Petitioner filed a state *habeas* petition asserting the latter claim but failed to seek *certiorari* review of the dismissal of that petition. The Court agrees that Petitioner's second claim is procedurally defaulted.

4. Procedural default is a doctrine based in comity and federalism. Jackson v. Shanks, 143 F.3d 1313, 1317 (10th Cir. 1998) (citing Coleman v. Thompson, 501 U.S. 722, 730 (1991)). A procedurally defaulted claim will be barred unless Petitioner can show cause and prejudice for the default or that application of the rule would cause a miscarriage of justice. See Maes v. Thomas, 46 F.3d 979, 984 (10th Cir.) cert. denied, 502 U.S. 1110 (1995) (Federal courts do not address issues that have been defaulted in state court on an independent and adequate state ground unless cause and prejudice or a fundamental miscarriage of justice is shown). In order to show cause for his procedural default, Petitioner must show that some objective factor external to the defense impeded his efforts to raise the defaulted claims in state court. Maes, 46 F.3d at 987 (citation omitted). Objective factors that constitute cause include interference by officials making compliance with the procedural rule impracticable or a showing that the factual and legal basis of the claim was not reasonably available. Id. Alternatively, Petitioner may prevail in the face of a procedurally defaulted claim if he can demonstrate that denial of his claims will result in a fundamental miscarriage of justice. Smith v.

Murray, 477 U.S. 527, 537 (1986).  In the context of procedural default, a "fundamental miscarriage of justice" involves extraordinary circumstances when a constitutional violation probably has caused the conviction of one innocent of the crime.  McCleskey v. Zant, 499 U.S. 467, 502 (1991).

     5. Respondent argues that Petitioner's second claim fails because he failed to present it to the New Mexico Supreme Court on *certiorari* review after first bringing it up in a state collateral proceeding. Watson v. State of New Mexico, 45 F.3d 385, 387 (10th Cir. 1995) establishes that failure to seek such review of claims brought on direct appeal results in the procedural default of those claims for the purpose of federal *habeas* review.  The principle articulated in Watson applies equally here, where Petitioner failed to seek any appellate review of his argument that the jail guards were not peace officers under New Mexico law.  Further, Petitioner does show cause for the default or that application of the rule would result in a fundamental miscarriage of justice. Petitioner's claim would fail as a matter of law if not defaulted. See State v. Martinez, 42 P.3d 851 (N.M.App. 2002) (Remanding challenge to conviction for battery upon a peace officer involving guards at a privately run prison pursuant to Batson challenge to jury selection, but holding evidence sufficient to support conviction).  Accordingly, Petitioner's second claim for relief should be dismissed.

     6. Petitioner's defense of self-defense was rejected by the jury and the New Mexico Court of Appeals.  Answer, Exhibit O. Where a *habeas* petitioner's claims were adjudicated on their merits by the state courts, he is entitled to federal *habea*s relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. §2254(d)(2).  Absent the latter determination, a federal court may grant a

writ for *habeas corpus* only if it finds that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1521-23 (2000).

7. The factual findings of the state court are presumed to be correct and Petitioner bears the burden of rebutting this presumption with clear and convincing evidence. House v. Hatch, 527 F.3d 1010, 1019 (10th Cir.2008) (citing 28 U.S.C. §2254(e)(1)).  The New Mexico Court of Appeals found the evidence at trial indicated Petitioner struck a corrections officer after that officer called for assistance and before any other officer came into the room and found the jury was justified in rejecting Petitioner's claim of self-defense. Answer, Exhibit O. Petitioner has not met his burden of rebutting that finding and is therefore not entitled to relief on his first claim. Petitioner's first claim for relief should therefore be dismissed.

8. Petitioner filed a "Motion to Correct an Illegal Sentence" on February 20, 2008 (Docket No. 18).  By that motion, he appears to seek to add two additional grounds to his §2255 petition: that there was no weapon used in the incident leading to his conviction, therefore he could not have been guilty of aggravated battery; and that he was improperly give four year habitual offender enhancements for each count he was convicted of, even though both counts stemmed from the same criminal cause of action.  Neither of these claims appear to have been raised in state court and would be subject to dismissal for failure to exhaust state remedies if the motion were granted and the claims considered.  The motion should therefore be denied.

**RECOMMENDED DISPOSITION**

4

That this petition be dismissed with prejudice and that the Motion to Correct An Illegal Sentence (Docket No. 18) be denied. .

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**